**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SIHAM H.,

                Plaintiff,

   v.                                          5:20-CV-1501
                                                      (DJS)
KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

                Defendant.
_____

**APPEARANCES:**                                   **OF COUNSEL:**
LEGAL AID SOCIETY OF              ELIZABETH LOMBARDI, ESQ.
MID-NEW YORK, INC.
Attorney for Plaintiff
221 S. Warren Street, Suite 310
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.     NATASHA OELTJEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

      Plaintiff, Siham H., brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 13 & 16. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's determination is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1972. Dkt. No. 12, Admin. Tr. ("Tr."), p. 109. Plaintiff reported completing eighth grade in Iraq. Tr. at p. 45. She has no past work experience and cannot speak English. Tr. at p. 46. Plaintiff alleges disability based upon joint pain, PTSD, depression, anxiety, and migraines. Tr. at pp. 109-110.

### B. Procedural History

Plaintiff filed an application for supplemental security income in October 2017, alleging disability beginning January 1, 2010. Tr. at pp. 109, 124. Plaintiff's application was initially denied on January 9, 2018, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 125-127, 131. A hearing was conducted before ALJ Jennifer Gale Smith on September 3, 2019. Tr. at pp. 43-84. Plaintiff appeared and testified with the assistance of an Arabic interpreter. Tr. at p. 10. Esperanza DiStefano, a vocational expert, also appeared and testified at the hearing. Tr. at pp. 66-83. The ALJ issued a written decision on September 24, 2019, finding that Plaintiff was not disabled under the Social Security Act. Tr. at p. 20. The Appeals

Council denied Plaintiff's request for review on October 16, 2020, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### C. The ALJ's Decision

Applying the five-step sequential disability analysis, the ALJ made the following findings of fact and conclusions of law. First, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since October 5, 2017, the application date. Tr. at p. 12. Second, the ALJ determined that Plaintiff had the following severe impairments: anxiety disorder, depressive disorder, posttraumatic stress disorder, fibromyalgia, rheumatoid arthritis, and headaches. *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 13. The ALJ considered the listings that most closely related to Plaintiff's impairments including sections 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorder), 12.15 (trauma- and stressor-related disorders), and 14.09 (inflammatory arthritis). *Id.* Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except:

> [S]he should not climb ladders, ropes or scaffolds. [Plaintiff] can occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl. She can frequently reach, handle, finger, and feel. [Plaintiff] can tolerate no more than moderate levels of noise, as defined in Appendix D of the Selected Characteristics of Occupations, 1993 Edition. She should avoid working outdoors in bright sunshine and working with bright or flickering lights, such as one would experience while welding or cutting

metals. Mentally, the [Plaintiff] can perform simple, routine and repetitive tasks. She requires a low-stress job, which is defined as involving only occasional decision-making, occasional use of judgment, and occasional changes in the work setting. The [Plaintiff] should perform goal-oriented work, rather than production-pace rate work. She should have no more than occasional contact with coworkers, supervisors, and the public. The [Plaintiff] also should not be required to speak English as part of her job duties.

Tr. at p. 15.

Fifth, the ALJ found that Plaintiff does not have any relevant past work. Tr. at p. 19. Sixth, the ALJ found that because Plaintiff was forty-five years old on the date her application was filed, she was categorized as a younger individual. *Id.* Seventh, the ALJ indicated that Plaintiff is not able to communicate in English and therefore was considered in the same way as an individual who is illiterate in English. *Id.* Finally, the ALJ determined that there was work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 19-20. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 20.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986

(2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably

have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Much of Plaintiff's argument in support of remand focuses on the weight that the ALJ chose to assign to competing medical opinions. Pl.'s Mem. of Law at pp. 5-12. She asserts that the ALJ erred by finding the opinions of consultative examiners and state agency physicians more persuasive than that of her treating provider. *Id.* Plaintiff also argues that the ALJ committed legal error in the evaluation of her treating provider by failing to address the supportability of the opinion. Pl.'s Mem. of Law at pp. 8-9. In response, Defendant asserts that the ALJ adequately explained why she found the opinions of Dr. Fisher, Dr. Noia, and Dr. Lieber-Diaz to be better supported and more consistent with the record than that of Dr. Ghaly. Dkt. No. 16, Def.'s Mem. of Law at pp. 4-16.

For claims filed after March 27, 2017, the ALJ must apply the new Social Security Administration regulations when evaluating medical opinions. 20 C.F.R. § 404.1520c. The ALJ will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)," including those from a treating source. 20 C.F.R § 404.1520c(a); *see also Kami B. v. Saul*, 2020 WL 247279, at *5 (N.D.N.Y. Jan. 16, 2020). The two most important factors the ALJ now considers when determining persuasiveness are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

The supportability factor requires consideration of "the objective medical evidence and supporting explanations" provided by a medical source to substantiate their opinion. 20 C.F.R. § 404.1520c(c)(1). The regulations provide that "[t]he more relevant" this evidence and these explanations are, "the more persuasive the medical opinion[s] … will be." *Id.*

Dr. Nasri Ghaly, Plaintiff's treating psychiatrist, provided six "statements and assessments" in the medical record, which the ALJ discussed together in one paragraph. Tr. at pp. 18, 552-563, 839-842, 914-932, 1162-1168, 1240-1241, 1284-1289. Although the ALJ acknowledged that Dr. Ghaly was Plaintiff's treating provider, she found his opinions "not persuasive because the level of limitation he describes is inconsistent with all the other medical opinions of record and unsupported by the [Plaintiff's] mental status exams." Tr. at p. 18. There are opinions from Dr. Ghaly regarding the impact of Plaintiff's mental health symptoms on her work-related functioning for every year between 2014 and 2019. *See, e.g.*, Tr. at pp. 552-563, 839-842, 914-932, 1162-1168, 1240-1241, 1284-1289. While the ALJ makes a passing reference to objective medical evidence with her apparent reliance on Plaintiff's mental status exams, she does not identify any of the specific mental status exams that she relied upon to find Dr. Ghaly's opinions unsupported and therefore unpersuasive. The only mental status exam referenced by the ALJ within the discussion of Dr. Ghaly's opinion was a single mental status exam performed by Rebecca Fisher, Psy.D., a consultative examiner for Onondaga County Department of Social Services. *See* Tr. at p. 18 (citing Tr. at pp. 392-

396). The supportability factor, however, "does not measure whether the medical opinion is supported by a single doctor's findings." *Darla W. v. Comm'r of Soc. Sec.*, 2021 WL 5903286, at *8 (N.D.N.Y. Dec. 14, 2021). Instead, it "measures whether the medical opinion is supported by objective medical evidence and accompanying explanations." *Id.* Without more, this 2014 mental status examination, which described Plaintiff's mood as "depressed" and affect as "dysthymic," provide substantial evidence to undermine the supportability of Dr. Ghaly's opinion without more. Tr. at p. 392. While it is "the province of the ALJ to resolve genuine conflicts in the record," the ALJ "must construct an accurate and logical bridge between the information in the record and the conclusion that the claimant is not disabled." *Pamela P. v. Saul*, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020) (citations omitted). Considering that Plaintiff's alleged mental impairments stem primarily from symptoms of depression, the ALJ's focus on Dr. Fisher's observation that Plaintiff had "a normal appearance" appears misplaced.

To that end, the Court notes that the ALJ also did not reconcile how she considered the supporting objective evidence and explanations contained within Dr. Ghaly's opinions. For example, Dr. Ghaly completed a mental impairment questionnaire on January 10, 2019 which indicated that Plaintiff was diagnosed with recurrent and severe major depression. Tr. at pp. 1284-1289. Dr. Ghaly opined that Plaintiff would have marked limitations in all categories of mental functioning and would be unable to meet competitive work standards in nearly all categories of mental

functioning. Tr. at pp. 1286-1288. The opinion also identified observed signs and symptoms that supported the opined limitations, such as "depressed mood," "observable psychomotor agitation or retardation," "difficulty concentrating or thinking," and difficulty sustaining attention and organizing tasks. Tr. at p. 1285. Another opinion from April 2018 specifically referenced clinical findings that supported the severity of Plaintiff's mental impairment and symptoms and described that Plaintiff "presents consistently with depressed mood, flat affect" and that she has "low energy, poor concentration and focus, low motivation." Tr. at pp. 1162-1168. In addition, Dr. Ghaly's opinions were accompanied within the record by extensive treatment notes from a lengthy treating relationship with Plaintiff dating back to 2013. Tr. at pp. 857-913, 1239, 1290. These treatment notes include mental status examinations which describe Plaintiff's mood and affect as "depressed," Tr. at p. 1239, and note that she "[c]ontinues to struggle with depression and anxiety." Tr. at p. 1290.

Dr. Ghaly's opinions must be considered together with the findings contained within the accompanying treatment notes rather than being viewed only out of context and in isolation. *Carmen M. v. Comm'r of Soc. Sec.*, 2021 WL 5410550, at *6 (W.D.N.Y. Nov. 19, 2021). The Court notes further that these observations by Dr. Ghaly appear to be consistent with the mental status examination findings of consultative examiner Dr. Noia, who noted that Plaintiff had poor eye contact, the quality of her voice was "low and atonal," she presented with a constricted affect, and appeared sad. Tr. at p. 845. As a result, the ALJ's statement that Dr. Ghaly's opinions

were "inconsistent with all the other medical opinions of record" proves difficult to square with the evidence cited in the analysis.  Tr. at p. 18.

Although the ALJ goes on to cite to activities which she felt undermined the severity of Plaintiff's symptoms, including that she "prepares some meals, does some laundry and housekeeping, goes shopping with family, drives when accompanied, takes care of pets, watches television, and spends time sitting outside," Tr. at p. 18, this analysis "is particularly problematic given that courts have consistently warned against placing the level of emphasis on daily activities that the ALJ appears to have done here." *Pamela P. v. Saul*, 2020 WL 2561106, at *6 (collecting cases).  This is because a plaintiff's ability to engage in "daily activities of limited duration" does not necessarily correlate to his or her "ability to stay on-task during an eight-hour work day." *Patrick M. v. Saul*, 2019 WL 4071780, at *10 (N.D.N.Y. Aug. 28, 2019).  While Defendant's brief identifies additional evidence within the record to demonstrate that the record as a whole contained sufficient evidence to support the ALJ's decision, "post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself" are "no substitute for a proper analysis by the ALJ." *Kenneth M. v. Comm'r of Soc. Sec.*, 2022 WL 1637885, at *6 (W.D.N.Y. May 23, 2022) (quoting *Petersen v. Astrue*, 2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012)).

Despite that the ALJ was under no obligation to discuss every piece of evidence in the record, *Dale A.M. v. Comm'r of Soc. Sec.*, 2021 WL 1175160, at *22 (N.D.N.Y. Mar. 29, 2021), she was required to detail her analysis "with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Pamela P. v. Saul*, 2020 WL 2561106, at *5 (quoting *Puckett v. Berryhill*, 2018 WL 6625095, at *9 (S.D.N.Y. July 13, 2018)). Moreover, the ALJ's responsibility to carefully consider the opinion of a plaintiff's treating provider has not been diminished by the new regulations. Although "ALJs are no longer directed to afford controlling weight to treating source opinions – no matter how well supported and consistent with the record they may be – the regulations still recognize the 'foundational nature' of the observations of treating sources," particularly in cases involving mental health. *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 884-85 (D. Vt. 2021). This is because "[t]he treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as x-rays or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations." *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119 (2d Cir. 2018) (summary order). The ALJ's failure to properly assess the supportability and consistency of Dr. Ghaly's opinions precludes meaningful review by this Court and necessitates remand. *Kenneth M. v. Comm'r of Soc. Sec.*, 2022 WL 1637885, at *6.

Given the direction for remand, the Court finds it is unnecessary to reach Plaintiff's remaining arguments regarding the alleged conflict between the vocational expert and the Dictionary of Occupational Titles.  Pl.'s Mem. of Law, pp. 14-19. Plaintiff has argued that the jobs identified by the vocational expert failed to satisfy all of the criteria in the ALJ's hypothetical.  *Id.* at p. 15.  The need for the ALJ to formulate a new RFC on remand renders this argument moot.

However, as to Plaintiff's claim of error related to the ALJ's evaluation of her headaches, the Court finds that reconsideration is not warranted.  Plaintiff has argued that the ALJ failed to properly evaluate her migraines, which resulted in an incomplete RFC unsupported by substantial evidence.  Pl.'s Mem. of Law at p. 14.  The ALJ here found Plaintiff's headaches to be a severe impairment at step two in the sequential analysis.  Tr. at p. 12.  Accordingly, the ALJ limited Plaintiff to simple, low-stress work with no more than moderate levels of noise and indicated that she should avoid working outdoors in bright sunshine and working with bright or flickering lights.  Tr. at p. 15. ALJ Smith expressly stated that these limitations were included in the RFC to account for Plaintiff's headaches.  Tr. at p. 18.  These limitations were consistent with Plaintiff's own statements regarding her headache triggers, such as stress and sensitivity to light and sound.  *See, e.g.*, Tr. at pp. 117, 405, 413, 419, 431, 438, 449, 452, 476, 526, 530, 545.  Plaintiff has not pointed to any medical opinion in the record which would support the imposition of greater restrictions.  It was Plaintiff's burden to establish that greater restrictions were necessary, and therefore the Court finds no error in the ALJ's

determination on this matter. *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (summary order).

Accordingly, the Court finds that remand is warranted for the ALJ to specifically evaluate the supportability and consistency of Plaintiff's treating provider and to properly consider all of the evidence in the longitudinal record.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the case is **REMANDED** pursuant to sentence four for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: September 26, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge